## DISTRICT COURT OF PHILADELPHIA.

---

### FOX VS. DUNMORE.

A. devised his estate, after the death of his wife, to his sisters and their children. It was held, that the sisters took an estate for life, with remainder to their children.

Rule for a new trial.

SHARSWOOD, P. J.—Both parties claim under the will of Joshua Smothers. He leaves all his estate, after the death of his wife, to his sisters and their children. Upon the authority of Wild's Case, 6 Co. 17, recognized and acted upon by the Supreme Court in Graham vs. Fowler, 13 S. & R. 439, the judge before whom this case was tried instructed the jury that the sisters of Joshua Smothers took their estates jointly with their children, and a verdict was rendered accordingly. In the case of White vs.

Williamson, 2 Grant's Cases, 239, the Supreme Court have expressly held such gift to convey an estate for life with remainder to the children. It is true that neither Wild's Case nor Graham vs. Fowler is cited at the bar, nor referred to by the court in their opinion. It is not to be supposed, however, that these cases have been overlooked, and it is our duty to conform to the latest cases. We reform this verdict accordingly.

Ordered, with the consent of the plaintiff, that the verdict be amended so as to be in favor of Daniel D. Fox and Rebecca Fox for one-third of the premises, Elizabeth Beitler one-sixth, and Elizabeth Lester one-sixth, and as to residue for defendant.

## NOTES OF RECENT DECISIONS IN THE SUPREME COURT OF PENNSYLVANIA.

A. entered judgment against B. A scire facias to revive this judgment was issued by his administratrix, but no suggestion of his death appeared on the record. B pleaded payment with leave, etc., and judgment was, in due course, obtained by the plaintiff in the sci. fa.

*Held*, that the judgment was properly entered, notwithstanding the plaintiff's failure to suggest her intestate's death, as her right to sue was admitted by B.'s plea.— *Finney vs. Huston.*

A consignee of goods in charge of a railroad company, by going upon the tracks and about the cars of the company, under the direction of its servants, for the purpose of receiving and taking away the goods consigned to him, subjects himself to the operation of the Act of April 4, 1868, and has no greater right of action against the company for injuries while thus employed than if he were a regular employe of the company. MERCUR, WOODWARD, and TRUNKEY, JJ., dissent.—*Richard vs. North Penn. R. R. Co.*